## 19712

The STATE, Respondent, v. Roscoe BUTLER, Appellant

(200 S. E. (2d) 70)

*Messrs. Harrelson & Gregory,* of Walterboro, *for Appellant,* cite:

356

*Randolph Murdaugh, Jr., Esq., Sol.,* of Hampton, *for Respondent,* cites:

October 30, 1973.

BRAILSFORD, Justice:

The defendant appeals from his conviction of manslaughter and sentence to imprisonment for a term of fifteen years.

Three specifications of error are argued. The first assigns as error the refusal of the court to grant a continuance because of the absence of a defense witness. This motion, which was addressed to the sound discretion of the trial judge, was not made until after the State had closed its case and the three defense witnesses had been examined. We find no error, certainly no abuse of discretion, in the court's ruling that the motion came too late to receive favorable consideration.

The second specification assigns as error the court's refusal to admit into evidence the records of the South Carolina State Hospital concerning a 1968 admission and treatment of the victim of the 1971 homicide. These records were identified by the assistant registrar of the hospital, who brought them into court in response to defendant's subpoena. While objecting to the records generally, the State consented that the diagnosis at the time of the patient's discharge, *i. e.,* "emotionally unstable personality," be

read to the jury. When the court inquired whether anything else was desired, counsel for defendant replied, "I presume that is all I can get into it." No other offer of proof was made, and there is nothing to show prejudice to the defendant even if the records were erroneously excluded, which we do not concede.

The final assignment of error is based upon the claimed insufficiency of the evidence to sustain the verdict and is manifestly without merit.

The defendant has also moved under Rule 24 that this appeal be suspended to allow him to move in the circuit court for a new trial on the ground of after-discovered evidence. We are satisfied that defendant has failed to. establish *prima facie* entitlement to such relief, as is required. 3 West's South Carolina Digest, Appeal and Error, Key No. 819 (1952); *State v. Jennings,* 40 S. C. 553, 18 S. E. 932 (1894). Therefore, his petition to suspend the appeal is denied.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.